IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 4:22-cv-02992 |
| | ) | |
| EFIGENIO ARTEAGA CONTRERAS, | ) | |
| MA FLOR CONTRERAS, PERLA | ) | |
| MARIA ISABEL SEGURA RAMIREZ, | ) | |
| MANUEL JIMENEZ, JOSE ALFREDO | ) | |
| LLANES, & HARRIS COUNTY, TEXAS, | ) | |
| | ) | |
| Defendants. | ) | |

## UNITED STATES' ORIGINAL COMPLAINT

Plaintiff, the United States of America, files its Original Complaint, pursuant to Internal Revenue Code [26 U.S.C.] §§ 7401 and 7403, at the direction of the Attorney General of the United States, and with the authorization and at the request of Chief Counsel, Internal Revenue Service, a delegate of the Secretary of the Treasury, as follows:

1.      This is an action by the United States against Defendants Efigenio Arteaga Contreras and his wife, Ma Flor Contreras ("the Contrerases"), to reduce to judgment their 2013-2019 federal income (1040) tax liabilities in the amount of **$165,084.88**, and for a judicial foreclosure and sale of real properties in which they have an interest in this district to pay their federal income tax liabilities.   This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402.   Venue is proper in this Court under 28 U.S.C. § 1391(b).

2.      Defendant/Taxpayer Efigenio Arteaga Contreras ("Mr. Contreras") is an individual resident of the State of Texas who resides in this district.   He is being sued to reduce to judgment his $165,084.88 federal income tax debt to judgment, and to foreclose on and sell the real

properties that are the subject of this action, located in this district, which are encumbered with federal tax liens and a federal tax judgment lien, to pay his federal income tax liabilities.    He may be served with summons and this Complaint at his residence at 13919 Villagrove Drive, Houston, Texas    77409.

3.        Defendant/Taxpayer Ma Flor Contreras ("Mrs. Contreras"), formerly known as Ma Flor de Jerico Ramirez-Infante, is the wife of Defendant Efigenio Contreras, who also resides in this district.   She is being sued to reduce to judgment her $165,084.88 federal income tax debt, and to foreclose on and sell the subject real properties that are the subject of this action, located in this district, encumbered with federal tax liens.    Mrs. Contreras also may be served with summons and this Complaint at the residence she shares with Mr. Contreras at 13919 Villagrove Drive, Houston, Texas    77409.

4.        Defendant Perla Maria Isabel Segura Ramirez ("Ramirez") is the adult daughter of Mrs. Contreras, who may reside in Mexico.   She is joined as a party to this action pursuant to 26 U.S.C. § 7403(b), because she has or may claim an interest in one of the subject real properties. She may be served at 13919 Villagrove Drive, Houston, Texas 77049, her mailing address according to the Contrerases, or at 288 Ampliacion la Rosita Calle Napoles, Durango, Mexico, or by publication.

5.        Defendant Manuel Jimenez ("Jimenez") is an individual residence of the State of Texas and this district.   He is joined as a party to this action pursuant to 26 U.S.C. § 7403(b), because he has or may claim an interest in one of the subject real properties.   He may be served at 12602 Unison Road, Houston, Texas 77044, or at 14021 Garber Lane, Houston, Texas 77015.

6.        Defendant Jose Alfredo Llanes ("Llanes") is an individual resident of the State of Texas and this district.   He is joined as a party to this action pursuant to 26 U.S.C. § 7403(b),

because may claim an interest in one of the subject real properties, through a recorded contract for deed. He may be served at 12542 Unison Road, Houston, Texas 77044; or at 13214 Vista Oro Drive, Houston, Texas 77041.

7.    Defendant Harris County, Texas is a local taxing authority who is being joined as a party to this action pursuant to 26 U.S.C. § 7403(b), because it has or may claim an interest in the subject real properties for unpaid ad valorem taxes. It may be served with summons and this Complaint by agreement through its attorney, Douglas Steven Bird, Linebarger Goggan Blair & Sampson, LLP, 2700 Via Fortuna, Ste. 500, Austin, Texas 78746.

## I.
## BACKGROUND AND FACTS

8.    Defendant Efigenio Contreras is a self-employed construction contractor and owner/operator of EC Construction Company in Houston, Texas. On May 15, 2020, an amended final judgment in the amount of **$394,851.61** was entered against Mr. Contreras in the case of *United States vs. Efigenio A. Contreras, et al;* Case No. 1:12-cv-00476-MAC, U.S. District Court, Eastern District of Texas, Beaumont Division ("the Related Case"), for his unpaid federal income (Form 1040) taxes for years 2006, 2007, 2009, 2010, 2011, and 2012. Mr. Contreras did not appeal this judgment, and it is final. On September 23, 2020, the United States filed an abstract of this judgment in Harris County, Texas, which judgment lien encumbers the real properties which are the subject of this action. As of September 1, 2022, the balance due on this judgment was **$444,849.71**, with interest accruing thereon thereafter until paid. In addition, on or about May 21, 2013, October 1, 2013, October 28, 2013, November 1, 2013, November 25, 2013, December 17, 2013, and July 26, 2016, federal tax liens were filed against Mr. Contreras in Harris County, Texas pertaining to his income tax liabilities reduced to judgment, which liens also

encumber the subject real properties.  Mr. Contreras has made no voluntary payments on this judgment.  He has owed federal income taxes continuously for nearly every tax year since 2006, for more than 15 years.

9.    Defendant Ma Flor Contreras, the wife of Mr. Contreras, obtained a law degree from the University of Monterey and a law license in Mexico in 2006.  She practiced criminal law in Mexico before she emigrated to the United States.  In 2014, she married Mr. Contreras.  Now she operates a restaurant known as Antojitos Chihuahua in Houston, Texas.  In addition, she operates a multi-auto service and sales business, where she buys, repairs, and resells used automobiles.

## II.
## JOINT INCOME TAX LIABILITIES ASSESSED AGAINST THE CONTRERASES

10.    On the dates below, a delegate of the Secretary of the Treasury made assessments against, and gave notice and demand to, Efigenio and Ma Flor Contreras, for their unpaid federal income (1040) taxes for years 2013-2019, in the amounts shown in the following chart:

Tax Liabilities Through

| Form | Year | Assessment Date | Ass'd Balance1 | Interest/ Accruals2 | Total through September 1, 2022 |
|---|---|---|---|---|---|
| 1040 | 2013 | 05/01/2017 | $33,599.96 | $10,074.99 | $43,674.95 |
| 1040 | 2014 | 07/10/2017 | $4,209.69 | $1,337.20 | $5,546.89 |
| 1040 | 2015 | 07/10/2017 | $59,861.14 | $23,995.90 | $83,857.04 |
| 1040 | 2016 | 10/29/2018 | $4,010.92 | $1,119.78 | $5,130.70 |
| 1040 | 2017 | 11/19/2018 | $3,841.27 | $1,259.79 | $5,101.06 |
| 1040 | 2018 | 11/11/2019 | $13,473.69 | $3,668.43 | $17,142.12 |
| 1040 | 2019 | 12/07/2020 | $4,257.75 | $374.37 | $4,632.12 |
| Totals | | | $123,254.42 | $41,830.46 | **$165,084.88** |

1 From IRS Forms 4340, Certificates of Assessments & Payments.
2 From IRS interest update.

In addition to the amounts shown above, the Contrerases are liable to the United States for interest, penalties, and statutory additions accruing after September 1, 2022 on these tax liabilities until paid.   Despite notice and demand, the Contrerases failed to pay their federal income tax liabilities, and they are jointly and severally liable for their 2013-2019 federal income taxes described above.   These liabilities are based on the tax amounts the Contrerases self-reported on their joint income tax returns they filed with the Internal Revenue Service, which taxes they reported on their returns as owed, but then did not pay.   In addition, the Contrerases have not filed their 2020 or 2021 federal income (Form 1040) tax returns. Added to the judgment amount, the total amount now owed by Mr. Contreras to the United States (IRS) is **$609,934.59.**

## III.
## FEDERAL TAX LIENS FILED AGAINST THE CONTRERASES

11.    Pursuant to 26 U.S.C. § 6321, statutory federal tax liens arose by operation of law on the dates of assessment of the Contrerases' income tax liabilities described above, and attached to all property or interests in property of the Contrerases on the dates of assessments or acquired thereafter.   On or about August 15, 2017, March 6, 2018, March 5, 2019, December 23, 2019, March 25, 2021, April 5, 2021, July 14, 2021, July 28, 2021, and October 20, 2021, notices of federal tax lien was filed against the Contrerases in the office of the Harris County Clerk in Houston, Texas, to secure payment of their federal income tax liabilities for tax years 2013-2019 described above.   These liens encumber the Contrerases' interest in the real properties described below that are the subject of this action.

## IV.
## THE SUBJECT REAL PROPERTIES

12.    In or about 2012, Efigenio Contreras began leasing his residence at 13919 Villagrove Drive in Houston, Texas 77049, from Dale Morris.   The residence sits on over two

acres of land, and this residential property had a 2021 county appraised value and market value of $192,859, with no mortgage.   In 2013, the Contrerases began living together at this property. On or about May 9, 2014, they were married.   On or about September 29, 2020, Mr. Contreras purchased this property from Dale Morris in the name of Ma Flor Contreras only, by warranty deed filed with the Harris County Clerk on December 11, 2020, recorded at RP-2020-610032, with the following legal description:

**Lots 150, 151, and 152 of Block 6, Hampton Oaks Sec. 1, Harris County, Texas, located at both 13919 Villagrove Drive and 13921 Villagrove Drive in Houston, Texas   77049.**

In his June 21, 2021 post-judgment deposition in the Related Case, Mr. Contreras admitted that Mrs. Contreras did not pay for this property.   However, the property is the homestead of both of the Contrerases.   On information and belief, the property was purchased only in the name of Mrs. Contreras, due to Mr. Contreras' attempt to avoid it being encumbered by the federal tax liens, and the federal tax judgment lien against him in the Related Case, which judgment lien was filed shortly before the warranty deed on the property was filed.   In any event, this property is encumbered by federal tax liens filed against the Contrerases for the Related Case and their new unpaid tax liabilities.

13.    On or about March 3, 2017, the Contrerases purchased from Jaime P. McClinton by warranty deed filed the same day, certain real property located at 12542 Unison Road in Houston,   Harris County, Texas 77044; with the following legal description:

**Lots Fifty-Four (54) and Fifty-Five (55) and One Thirteen One-Hundredths (1.13) acres more or less, out of Lots Fifty-Six (56) and Fifty-Seven (57) in Block Eight (8) of HOUMONT PARK, a subdivision in Harris County, Texas, according to the map or plat thereof recorded in Volume 16, Page 32 of the Map Records of Harris County, Texas, said 1.13 acre tract being more particularly described in Exhibit "A" attached to the warranty deed recorded at RP-2017-304289, in the Harris County, Texas deed records.**

Attached to this deed is a correction of metes and bounds by Center Point Survey, showing that the correct property description is:

> **2.268 ACRES OUT OF TRACTS FIFTY FOUR (54), FIFTY FIVE (55), FIFTY SIX A (56A) IN BLOCK EIGHT (8) OF HOUMONT PARK, SECTION ONE (1), OUT OF THE WM HEDGE SURVEY, AS RECORDED IN VOLUME 16, PAGE 32 OF THE MAP RECORDS OF HARRIS COUNTY, WITH METES AND BOUNDS DESCRIPTION THEREIN AT RP-2017-304289.**

This property is encumbered by federal tax liens filed against the Contrerases, that secure payment of the federal income tax liabilities of the Contrerases.   Jose Llanes may claim an interest in the above property or a part thereof through an unimproved property contract filed with the Harris County Clerk on September 4, 2019, RP-2019-391052, which is an unenforceable contract for deed, and may create a cloud on the title.

14.     On or about December 13, 2019, the Contrerases fraudulently conveyed, for no consideration, the property described above or a portion thereof, by warranty deed recorded January 7, 2020, to Perla Maria Isabel Segura Ramirez ("Ramirez"), Mrs. Contreras' adult daughter, after federal tax liens were filed against the Contrerases, which liens remain attached to this property.   In their June 21, 2021 post-judgment depositions in the Related Case, the Contrerases admitted that Ramirez paid nothing for this property.

15.     Also on December 13, 2019, after federal tax liens were filed against them in Harris County, Texas, the Contreras signed a warranty deed, transferring to Manuel Jimenez the following real property, also at 12542 Unison Road in Houston, Texas 77044:

> **BLOCK 8 LOTS 56 and 57 OF HOUMANT PARK, a subdivision in Harris County, Texas according to the map or plat thereof recorded in volume 16, page 32 of the Map Records of Harris County, Texas.**

This deed was recorded at RP-2020-8189 on January 7, 2020, in the Harris County deed records, and is encumbered with federal tax liens against the Contrerases.

16.     On or about October 2, 2018, the Contrerases acquired from Raymond Z. Whetstone the real property located at 12602 Robert E. Lee Road, now known as 12602 Unison Road, Houston, Texas 77044, by general warranty deed, with the following legal description:

**N 262 FT OF LTS 56 & 57 BLK 8 HOUMONT PARK SEC 1, HARRIS COUNTY, TEXAS.**

This deed was recorded with the Harris County Clerk on December 26, 2018 at RP-2018-574511.   On or about December 13, 2019, the Contrerases transferred this property to Manuel Jimenez, by warranty deed recorded on January 7, 2020 at RP-2020-8189, with the Harris County Clerk.   This property remains impressed with federal tax liens against the Contrerases.

## COUNT I
## <u>REDUCE TAX LIABILITIES TO JUDGMENT</u>

17.     As stated above, a delegate of the Secretary of the Treasury assessed against, and gave notice and demand to, Efigenio and Ma Flor Contreras, for their above described unpaid income (1040) tax for tax years 2013-2019, but they failed to pay their tax.   As of September 1, 2022, the Contrerases' 2013-2019 federal income tax was in the total amount of **$165,084.88,** plus penalties, and statutory additions and additional prejudgment and post-judgment interest from September 1, 2022 until paid, pursuant to 28 U.S.C. § 1961(c)(1); and 26 U.S.C. §§ 6601, 6621(a)(2), and 6622, for which the United States seeks a judgment against the Contrerases.

## COUNT II
## <u>FORECLOSE FEDERAL TAX LIENS AND JUDGMENT LIEN</u>

18.     The Contrerases, Ramirez, and Jimenez are or may be the record owners of the real properties described above that are the subject of this action, all located in Harris County, Texas, in this district.

19.      Pursuant to 26 U.S.C. §§ 6321 and 6322, statutory federal tax liens arose in favor of the United States of America, against all property and rights to property, whether real or personal, belonging to the Contrerases, as of the dates of the tax assessments described above, or acquired thereafter.   Additionally, on the dates stated above, the IRS filed notices of federal tax lien against the Contrerases in the office of the County Clerk of Harris, Texas, for the taxes that are the subject of this lawsuit**.**   These tax liens encumber the real properties described above. Further, as stated above, on September 23, 2020, the United States filed a judgment lien against Mr. Contreras with the Harris County Clerk. The United States seeks a judgment foreclosing the federal tax liens and federal judgment lien, and ordering the real properties described above sold to pay the Contrerases' federal income tax liabilities in the total amount of **$609,934.59.**

WHEREFORE the United States requests as follows:

1.      That the Court reduce to judgment the 2013-2019 federal income tax liabilities of Efigenio Contreras and Ma Flor Contreras in the amount of **$165,084.88,** plus penalties, and statutory additions and additional prejudgment and post-judgment interest from September 1, 2022 until paid, pursuant to 28 U.S.C. § 1961(c)(1); and 26 U.S.C. §§ 6601, 6621(a)(2), and 6622;

2.      That the federal tax liens and federal judgment lien that encumber the real properties described above be foreclosed, that the real properties described above be ordered sold by the Internal Revenue Service or by a receiver appointed by the Court, that the proceeds from the sale of the properties be first applied to the costs of the sales and any ad valorem taxes, then the sale proceeds be applied in satisfaction or partial satisfaction of the United States' liens and in payment or partial payment of the Contrerases' federal income tax liabilities in the total amount of **$609,934.59**;

3.      That if the United States avails itself of pre-judgment and post-judgment remedies under Sub-chapter B or C of the Federal Debt Collection Act, then the United States be awarded a surcharge of ten percent of the amount of the tax debt under 28 U.S.C. § 3011, to cover the cost of the litigation and enforcement of the claim for the debt to be paid by the Contrerases; and

4.      That the United States be granted other appropriate relief.


                                        Respectfully submitted,


                                        _/s/    Ramona S. Notinger_____
                                        RAMONA S. NOTINGER
                                        Ramona.S.Notinger@usdoj.gov
                                        Texas Bar No. 19158900
                                        So. District Federal Bar No. 204
                                        U.S. Department of Justice
                                        Tax Division
                                        717 N. Harwood, Suite 400
                                        Dallas, Texas   75201
                                        (214) 880-9766 fax: (214) 880-9741

                                        ATTORNEYS FOR THE UNITED STATES